IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAVIER YEBRA,

Petitioner,

v.

DIRECTOR, TDCJ-CID,

Respondent.

Civil Case 2:26-CV-220-Z-BR

**MEMORANDUM OPINION AND ORDER**

Petitioner Javier Yebra filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254. ECF No. 4. Having considered the petition, the record and applicable authorities, the Court summarily **DISMISSES** the petition for lack of jurisdiction.[1]

**BACKGROUND**

On December 9, 2009, Yebra was convicted of Aggravated Assault in Moore County, Texas. ECF No. 3-1 at 4. After application of an enhancement pursuant to Texas Penal Code Section 12.42, Yebra was sentenced to fifty years of imprisonment. *Id.* Yebra's conviction was affirmed by the Court of Appeals for the Seventh District of Texas. Yebra then filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was refused on March 16, 2011. *Id.* On June 18, 2012, Yebra filed a state application for writ of habeas corpus challenging his conviction, which was denied without written order on February 13, 2013. *See Ex parte Yebra*, WR-78,088-01, formerly pending in the Texas Court of Criminal Appeals. Subsequently, Yebra unsuccessfully challenged his conviction pursuant to 28 U.S.C. Section

[1]A habeas corpus petition under 28 U.S.C. Section 2254 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. See Rule 4 of the Section 2254 Rules ("If it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

2254 in this Court. *See* Case No. 2:12-cv-173-D-BR, which was denied on March 23, 2016. *Id.* at ECF Nos. 53, 54.

On August 22, 2025, Yebra filed a petition for writ of habeas corpus with this Court, challenging his state conviction on several grounds. Because the Court determined the petition to be successive, it transferred the case to the Fifth Circuit Court of Appeals for authorization. *See* Case No. 2:25-cv-190-Z-BR at ECF No. 8. On December 3, 2025, the Fifth Circuit denied authorization. *Id.* at ECF No. 12. On October 30, 2026, Yebra filed this petition, asserting the same grounds for relief as his first successive petition. *See* ECF No. 4.

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act limits the circumstances under which petitioners may file second or successive habeas petitions about the same judgment and requires prior authorization to do so:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. Section 2244(b)(3)(A). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Those two grounds are: (1) a new retroactive constitutional right announced by the United States Supreme Court; and (2) newly discovered evidence that could not have been discovered earlier with due diligence and would establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. Section 2244(b)(2)(A)-(B).

Yebra does not present any order from the Fifth Circuit authorizing consideration of his current petition or allege that he obtained such authorization, and this Court's search of

available records indicates that no such authorization has been granted. Accordingly, the present petition is an unauthorized second or successive petition, and the Court lacks jurisdiction to consider Yebra's claims. *Burton*, 549 U.S. at 152 (concluding that, because petitioner had not sought or obtained authorization to file second or successive petition, "the District Court never had jurisdiction to consider it in the first place"); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (where prisoner did not have permission to file a second or successive habeas petition, the district court lacked jurisdiction to entertain his claims). As noted above, the Fifth Circuit already has denied leave to file a successive motion on the grounds presented in this petition.

Yebra's petition for writ of habeas corpus (ECF No. 4) is **DISMISSED** without prejudice to his right to seek authorization from the Fifth Circuit to file a second or successive petition. All other pending motions are **TERMINATED** as moot.[2]

**SO ORDERED.**

November 4, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

[2]Yebra filed a Motion for Leave to file a successive petition in this case. *See* ECF No. 3. However, as noted above, leave must be sought from the Fifth Circuit, not from this Court.